UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

In re: CAMBRIAN HOLDING
COMPANY, INC., *et al.*,

      Debtors,

CIVIL ACTION NO. 5:21-134-KKC

ELLEN KENNEDY, solely in her
capacity as the LIQUIDATING
TRUSTEE OF THE CAMBRIAN
LIQUIDATING TRUST

      Plaintiff,

V.

OPINION AND ORDER

ALLIANCE PRIME ASSOCIATES, INC.,
*et al.*,

      Defendants.

*** *** ***

Defendant–Appellant Deutsche Bank AG, London Branch ("DB London") seeks leave to file an interlocutory appeal challenging the United States Bankruptcy Court for the Eastern District of Kentucky's Opinion and Order denying Defendants' Motion to Dismiss. (DE 3.)  Plaintiff-Appellee Ellen A. Kennedy, solely in her capacity as the Liquidating Trustee of the Cambrian Liquidating Trust ("Liquidating Trustee"), opposes the motion. (DE 4.)  For the reasons that follow, the Court DENIES DB London's Motion for Leave to File Interlocutory Appeal.

1

## I. BACKGROUND

This dispute originally arises out of a 2013 Term Loan Credit Agreement involving DB London and the Debtors' original principal equity owner.  (DE 1 at 7.)  The Debtors' original principal equity owner entered into an additional agreement in 2013 (the "ABL Credit Agreement") with Deutsche Bank AG New York ("DB NY").  (*Id.* at 9.)  When the Debtors eventually filed chapter 11 petitions in 2019, an Official Committee of Unsecured Creditors ("the Committee") was appointed.  (*Id.*)

The interests of DB London, Deutsche Bank Trust Company Americas ("DB Trust") and fellow lenders Tennenbaum Opportunities Partners V, LP and Tennenbaum Opportunities Fund VI, LLC (the "Tennenbaum Defendants") were assigned to the Defendant Alliance Prime Associates, Inc.  (*Id.* at 10.)  The Debtors sought approval of an agreement with the lenders involved in both the Term Loan Credit Agreement and the ABL Credit Agreement for cash collateral use and post-petition financing.  (*Id.*)  An order approving the agreement ("Final DIP Order") was entered in July 2019, and the Debtors paid $440,000.00 in adequate protection payments accordingly.  (*Id.*)  The Final DIP Order granted the Committee standing to prosecute claims arising from the Term Loan Credit Agreement and ABL Credit Agreement, and the Committee filed two such claims: (1) the Term Loan Litigation against Alliance, DB Trust, DB London, and the Tennenbaum Defendants, and (2) the ABL Credit Litigation against DB NY and two other lenders. (*Id.* at 10–11.)

Both proceedings were stayed for over a year so the parties could resolve various issues. During that time, the Committee reached two settlements, including one with DB NY, leading to the dismissal with prejudice of the ABL Credit Litigation in February 2021. (*Id.* at 11.)  The Committee also reached agreements that included the dismissal of DB

2

Trust and a settlement with Alliance, leading to Alliance's dismissal from the Term Loan Litigation in March 2021.  (*Id.* at 12.)

As the only remaining Defendants in the Term Loan Litigation, DB London and the Tennenbaum Defendants filed a motion to dismiss all remaining counts against them.  (*Id.*)  DB London and the Tennenbaum Defendants argued that they should be released from the proceeding under the terms of the agreements reached with DB NY and DB Trust and, alternatively, that the Complaint fails to state a claim upon which relief can be granted.  (*Id.*)  The Liquidating Trustee, substituted as Plaintiff, opposed the motion.  (*Id.*)  In May 2021, after a full briefing and oral argument, the Bankruptcy Court issued an Opinion and Order denying the Motion to Dismiss.  (*Id.* at 6–18.)

DB London subsequently filed with this Court a Motion for Leave to File Interlocutory Appeal.  (DE 3.)  The Court now considers the motion.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a)(3), a district court may hear an appeal from a bankruptcy court's interlocutory order if the district court grants a party's motion for leave to file such an appeal. Because neither 28 U.S.C. § 158(a), nor Fed. R. Bankr. P. 8003 state how a district court should determine whether to grant an appellant leave to appeal, district courts have adopted the standard set forth in 28 U.S.C. § 1292(b), which deals with interlocutory appeals from district courts to courts of appeals. *In re Brentwood Golf Club*, 329 B.R. 239, 242 (E.D. Mich. 2005); *In re Ragle*, 395 B.R. 387, 394 (E.D. Ky. 2008). In the Sixth Circuit, courts may permit an interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re ASC Inc.*, 386 B.R. 187, 194 (E.D.

3

Mich. 2008) (citing *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). In other words, courts considering whether to permit an interlocutory appeal should look for a "pure controlling question of law" to rule on "without having to delve beyond the surface of the record in order to determine the facts." *In re Doria*, No. 09-75261, 2010 WL 2870813, at *2 (E.D. Mich. July 21, 2010) (quoting *In re A.P. Liquidating Co.*, 350 B.R. 752, 756 (E.D. Mich. 2006)).

Interlocutory appeals in bankruptcy cases should be the exception, rather than the rule. *Id.* (citing *In re ASC Inc.*, 386 B.R. at 194). Because interlocutory appeals contravene the judicial policy opposing piecemeal litigation and cause delay and disruption, they should be granted sparingly and upon a showing of "extraordinary circumstances." *In re Gray*, 447 B.R. 524, 533 (E.D. Mich. 2011); *In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013).

Notwithstanding the above factors, the decision to allow an interlocutory appeal from the bankruptcy court ultimately lies within the sound discretion of the district court. *In re Doria*, 2010 WL 2870813, at *2 (citing *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir. 1989) and *In re Bertoli*, 812 F.2d 136, 140 (3d Cir. 1987)).

### III. ANALYSIS

On interlocutory appeal, the Movant wishes to address whether the Bankruptcy Court erred: (1) in applying Kentucky law in interpreting the Settlement Agreement by the Bankruptcy Court record and not the plain language of the Settlement Agreement; (2) by not applying the common meaning to 'affiliates' in the release of the Settlement Agreement; and (3) by finding the term 'affiliates' was meaningless in the settlement agreement. (DE 3 at 7–8). The Court will determine whether these issues align with the factors district courts look to when considering whether to allow an interlocutory appeal.

### A. Controlling Question of Law

A legal question is "controlling" if it could materially affect the outcome of the case. *In re Ragle*, 395 B.R. at 395; *In re City of Memphis*, 293 F.3d at 351. However, such a question should be a "pure" question of law rather than a question that "turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *In re ASC Inc.*, 386 B.R. at 196; *United States ex rel. Michaels v. Agape Senior Cmty.*, 848 F.3d 330, 341 (4th Cir. 2017) (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). Interlocutory review is generally not appropriate when there is disagreement about the Bankruptcy Court's application of well-settled law to the facts of the case, without any novel questions of law. *In re Lane*, 598 B.R. 595, 599 (B.A.P. 6th Cir. 2019). Put simply, "question of law" means an abstract legal issue. *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000).

The issues raised by the Movant are plainly not "pure" questions of law. The Movant questions whether the Bankruptcy Court correctly applied Kentucky law in interpreting the Settlement Agreement.  (DE 3 at 9.)  This is the kind of issue that courts have rejected in considering interlocutory appeals. *See Ahrenholz*, 219 F.3d at 676–77 (explaining that contract interpretation is not what the framers of section 1292(b) had in mind for interlocutory review, even if it may technically be a question of law). The Movant does not point to any novel questions of law or abstract legal issues requiring determination.  (DE 3 at 9–10.)  The Movant only takes issue with the Bankruptcy Court's application of law to the circumstances of this case. Thus, the Court cannot identify a controlling question of law necessitating interlocutory review.

## B. Substantial Ground for Difference of Opinion

In order to demonstrate a substantial ground for difference of opinion, the Movant must show "that the issue is difficult and of first impression and involves more than just a strong disagreement among the parties." *In re Doria*, 2010 WL 2870813, at *2 (citing *In re ASC Inc.*, 386 B.R. at 197). To meet this standard, there must be "a difference of opinion regarding the law, not just a difference of opinion as to how the law is applied." *Moran v. Off. Comm. of Admin. Claimants*, No. 05-2285, 2006 WL 3253128, at *4 (N.D. Ohio Nov. 8, 2006).

The Movant does not articulate a substantial ground for difference of opinion on the law as articulated by the courts of Kentucky or the Sixth Circuit.  (DE 3 at 10–13.)  In fact, Movant appears to argue that Kentucky contract law is "clear."  (*Id.* at 11.)  Thus, the Court cannot identify a substantial ground for difference of opinion within the meaning of the interlocutory review standard.

## C. Material Advancement of the Ultimate Termination of the Litigation

The Court "need only find that immediate appeal of the issue *may* materially advance the termination of the litigation." *In re Ragle*, 395 B.R. at 395 (citing *In re City of Memphis*, 293 F.3d at 350). However, courts may refuse to grant an interlocutory appeal if such an appeal would cause considerable delay and increased expense, or bog down the litigation by requiring a lengthy review of the pleadings, oral argument, and record of the bankruptcy court's proceedings. *In re Doria*, 2010 WL 2870813, at *3; *In re Brentwood Golf Club*, 329 B.R. at 243.

The Movant argues that an immediate appeal of its Motion to Dismiss may materially advance the termination of the litigation *for them* because the Court might dismiss the Movant from the proceeding with prejudice.  (DE 3 at 13.)  The Liquidating

6

Trustee counters by noting that the Tennenbaum Defendants are not a party to this Motion for Leave, so the matter would proceed largely as planned, even without the Movant. (DE 4 at 18.) Here, both parties may be correct. However, given that this matter has an approaching trial date, the Court finds that an interlocutory appeal would ultimately delay the overall termination of the litigation.

### IV. CONCLUSION

The Court determines that the Movant has failed to identify a controlling issue of law or a substantial ground for difference of opinion necessitating interlocutory review. Further, the Court believes that an interlocutory appeal will ultimately delay the termination of the litigation. Accordingly, **IT IS ORDERED** that the Defendant-Appellant Deutsche Bank AG, London Branch's Motion for Leave to File Interlocutory Appeal is **DENIED.**

This 28th day of September, 2021.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY